[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant were married on July 21, 1978 at Ansonia, Connecticut.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably the same is hereby dissolved.
The Court has considered all the statutory criteria contained in Conn. Gen. Stat. 46b-81 and 46b-82.
The Court enters the following orders:
1. The marital home located at 35 Prindle Avenue, Ansonia, shall be placed on the market for sale no later than March 1, 1991 at a listing price of $209,000.00. The parties shall accept any offer to purchase within five per cent of the sales price. The parties shall cooperate in engaging a listing broker. The proceeds of the sale shall first be used to pay the outstanding first mortgage, the home equity loan and $10,000.00 owed to the plaintiff's mother, together with customary cost of closing. The net proceeds shall be divided between the parties fifty-five per cent to the plaintiff and forty-five per cent to the defendant. The Court retains jurisdiction to supervise the sale of the home.
2. Notwithstanding the above, the wife shall have the right to purchase the husband's interest in the home for $72,600.00 on or before February 1, 1991.
3. The wife shall have exclusive use and possession of the marital home. She shall be responsible for paying the mortgage, taxes and insurance on the home together with
4. The husband shall vacate the home within thirty days.
5. The husband shall pay to the wife, as alimony, $200.00 per week until the death of either party, the wife's remarriage, further order of the Court pursuant to Conn. Gen. Stat. 46b-86(b) or December 31, 1996. The order is subject to an immediate wage execution. 6. The husband shall cooperate in making available to the wife group medical benefits through his employer for so long as CT Page 980 the law allows, at the wife's expense.
7. The 1987 Lincoln is awarded to the wife.
8. The 1984 Nissan and the 1986 Lincoln are awarded to the husband.
9. Except as otherwise provided herein, each party shall be responsible for the liabilities listed on their respective financial affidavits.
10. Each party shall retain their personal bank accounts and retirement benefits.
11. For so long as he is obligated to pay alimony, the husband shall have the wife as beneficiary of the life insurance policies listed on his financial affidavit.
12. The Court makes no division of the anticipated compensation award, nor the pending accident case.
13. The matter of personal property is referred to the Family Relations Office for mediation. The Court retains jurisdiction over the issue of personal property.
14. The file is ordered sealed.
By the Court,
GORDON, JUDGE.